**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| DELFINO ZARATE MUNOZ, )<br>an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YE AND LIN, INC., an Illinois corporation d/b/a ) <br> ASIAN BUFFET HIBACHI GRILL & SUSHI, ) <br> and DESHENG YE, an individual, ) <br> ) <br> Defendants. ) | Case No. 3:20-cv-50222 |

**COMPLAINT**

The Plaintiff, Delfino Zarate Munoz ("Zarate"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Ye and Lin, Inc. and Desheng Ye, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff is a former dishwasher, cleaner and food preparer at Defendants' Asian Buffet Hibachi Grill & Sushi restaurant.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Zarate is a former employee of the Defendants' Asian Buffet Hibachi Grill & Sushi restaurant ("Hibachi Grill") located at 18 Crystal Lake Plaza in Crystal Lake, Illinois. Plaintiff worked as a dishwasher, cleaner and food preparer at Defendants' Hibachi Grill restaurant from February, 2013 through March 16, 2020.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Ye and Lin, Inc. does business as the Hibachi Grill restaurant on Crystal Lake Plaza in Crystal Lake, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Ye and Lin, Inc. has earned more than $500,000.00 in annual gross revenue during 2017, 2018, and 2019.

9. Defendant Ye and Lin, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Desheng Ye ("Ye") is an owner of the Hibashi Grill restaurant and is the president and registered agent of the restaurant's operating entity, Defendant Ye and Lin, Inc.

11. At all times relevant to this action, Defendant Ye possessed extensive oversight over the Hibachi Grill restaurant and its business operations. Defendant Ye was the ultimate

decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Ye resides in and is domiciled in this judicial district.

**COMMON ALLEGATIONS**

13. During the period from at least June, 2017 through March 16, 2020, Plaintiff regularly worked at Defendants' Hibachi Grill restaurant six (6) days a week including Wednesday through Monday from 9:30 a.m. to 11:00 p.m. Plaintiff typically did not work on Tuesday.

14. Based on his schedule, Plaintiff regularly worked eighty-one (81) hours in individual workweeks from June, 2017 through March 16, 2020.

15. Defendants paid Plaintiff a bi-monthly salary on the 15th day and last day of each month in the following amounts: $1,350.00 during June, 2017 through September, 2019; and, $1,500.00 during October, 2019 through March, 2020.

16. As a result of Defendants' improper salary payments, Defendants paid Plaintiff below the applicable minimum wage rates.

17. Further, Defendants never compensated Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

18. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

19. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

20. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

21. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

23. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

24. Defendant Ye and Lin, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work substantially more than forty (40) hours in individual workweeks. Defendants further avoided

4

overtime wage obligations by paying Plaintiff's wages on an improper salary basis and paying all of Plaintiff's wages "under the table" with cash. Furthermore, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Delfino Zarate Munoz, prays for a judgment against Defendants, Ye and Lin, Inc., d/b/a Asian Buffet Hibachi Grill & Sushi, and Desheng Ye, as follows:

  A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

  B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

  C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

  D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

28. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

29. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

30. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

31. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

32. Defendant Ye and Lin, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

33. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

34. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff an improper salary with cash "under the table" and providing no wage statement records. Furthermore, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Delfino Zarate Munoz, prays for a judgment against Defendants, Ye and Lin, Inc., d/b/a Asian Buffet Hibachi Grill & Sushi, and Desheng Ye, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

37. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

38. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

39. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Delfino Zarate Munoz, prays for a judgment against Defendants, Ye and Lin, Inc., d/b/a Asian Buffet Hibachi Grill & Sushi, and Desheng Ye, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019, and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred infilling and prosecuting this action; and,

E. such other and further relief as this Court deems appropriate and just.

7

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

41. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

42. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

45. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Delfino Zarate Munoz, prays for a judgment against Defendants, Ye and Lin, Inc., d/b/a Asian Buffet Hibachi Grill & Sushi, and Desheng Ye, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019, and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.


Dated: June 17, 2020						Respectfully submitted,
								Delfino Zarate Munoz
								Plaintiff


/s/ Timothy M. Nolan

_____

Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
tnolan@nolanwagelaw.com