# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is entered into by and among Delfino Zarate Munoz, an individual residing in Crystal Lake, Illinois ("Zarate" or "Plaintiff"), and Ye and Lin, Inc., an Illinois corporation, d/b/a Asian Buffet Hibachi Grill & Sushi, and Desheng Ye, an individual residing in Chicago, Illinois, together ("Employer" or "Defendants"), and collectively, referred to as "the Parties".

## RECITALS

**WHEREAS**, Zarate filed an action captioned <u>Delfino Zarate Munoz v. Ye and Lin, Inc., et al.</u>, Case No. 3:20-cv-50222, currently pending in the United States District Court for the Northern District of Illinois, asserting claims for violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law (hereafter "the Litigation");

**WHEREAS**, the Defendants deny the operative allegations asserted against them in the Litigation;

**WHEREAS**, the Parties have agreed to fully and finally settle, compromise and resolve all issues between them including but not limited to all issues arising out of or in connection with the Litigation;

**NOW, THEREFORE**, in consideration of the foregoing, for other valuable consideration, and for the mutual covenants, agreements and undertakings set forth herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Settlement Payment**. This matter is settled with payment by Defendants to Plaintiff in the amount of $52,500.00 (Fifty-Two Thousand Five Hundred and 00/100 Dollars) ("the Settlement Amount") with all payments to be made in the form of checks made payable as follows and delivered to Plaintiff's counsel, Nolan Law Office, 53 West Jackson Blvd. Suite 1137, Chicago, Illinois:

    a. **Payment to Zarate**: One check shall be issued to Zarate on the fifth day of each month commencing on March 5, 2021 and continuing for twelve consecutive months in the amount of $2,500.00 which payment is inclusive of "back pay" and non-wage "liquidated" damages:

    > Zarate shall furnish Employer with an IRS Form W-9 upon receipt of his T.I.N., and Employer shall issue an IRS Form 1099 to Zarate for the above-listed back pay amount for the appropriate calendar year.

1

b. **Payment to Plaintiff's Counsel**: One check shall be issued to the Nolan Law Office on the fifth day of each month commencing on March 5, 2021 and continuing for twelve consecutive months in the amount of $1,875.00 for attorneys' fees and costs.

Nolan Law Office shall furnish Employer with an IRS Form W-9 and Employer shall issue an IRS Form 1099 to the Nolan Law Office for the above-listed amount for the appropriate calendar year.

2. **General Release by Zarate, Dismissal of Litigation and Covenant Not To Sue**. In consideration of and subject to receipt by Plaintiff of the payments as required by this Agreement, and for other undertakings provided for in this Agreement, Zarate does hereby absolutely, unconditionally and irrevocably, forever waive, release and discharge Ye and Lin, Inc., including its directors, officers, shareholders, insurers, agents and employees, and Desheng Ye, including his heirs, agents, executors, legatees, and representatives, of and from any and all liability, claims, actions, causes of action, suits, debts, obligations, covenants, warranties, undertakings, promises, agreements, representations, demands, attorney's fees, costs and expenses, of any kind, nature or description whatsoever, whether in law or in equity, known or unknown, liquidated or unliquidated, which Zarate ever had, may have had, now has, or may ever have in the future, for, based upon, arising from or out of, any event, fact, transaction, occurrence, matter, cause or thing whatsoever occurring prior to the date of this Agreement, including, but not limited to:

- any and all claims asserted in the Litigation; and/or

- any and all claims asserting Ye and Lin, Inc. or Desheng Ye have violated any contract, agreement, personnel policies, handbooks or any covenant of good faith and fair dealing, or any express or implied contract of employment; and/or

- any and all claims asserting Ye and Lin, Inc. or Desheng Ye are in any way obligated for any reason to pay Zarate damages, expenses, litigation costs including attorneys' fees, wages, bonuses, compensation, overtime, benefits, expense reimbursement, vacation pay and sick pay, compensatory damages, punitive damages, and/or interest including, but not limited to, any claims under the Fair Labor Standards Act or the Illinois Minimum Wage Law; and/or

- any and all claims asserting Ye and Lin, Inc. or Desheng Ye are in any way obligated to pay Zarate damages for retaliatory discharge, wrongful discharge, or any other claim arising out of his separation from employment with Defendants; and/or

- any and all claims arising under any and all other federal, state, municipal or local statutes, laws, constitutions, ordinances, executive orders and/or regulations.

Within five (5) days of the execution of this Agreement by all Parties, Zarate shall file with the Clerk of the United States District Court a motion seeking court approval of this settlement, and thereafter, file a stipulation of dismissal, initially without prejudice, and converting to one with prejudice on February 26, 2022, with the Court retaining jurisdiction to enforce the terms of this Agreement.

It is understood and agreed that if Court approval is not obtained, this Agreement and the settlement contemplated herein shall be null and void and Plaintiff may continue to prosecute his wage claims and the Litigation.

Furthermore, Zarate covenants and agrees not to pursue, commence, file or prosecute any claim, action, suit, demand or proceeding regarding the claims and matters settled and released herein and that this Agreement is and shall be a bar to any such claim, action, suit, demand or proceeding; provided, however, any Party hereto may commence or initiate an action or proceeding to enforce this Agreement, and the prevailing Party in any such action or proceeding shall recover from the non-prevailing Party his or its reasonable attorney's fees, costs and expenses incurred in such action or proceeding.

3. **No Admission of Liability**. The Parties understand, represent and warrant that this Agreement is a full and final compromise of disputed claims and not an admission of wrongdoing or liability by or on behalf of any Party to this Agreement.

4. **Confidentiality**. The Parties agree that, except as required by law, they will keep strictly and entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of this Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), except as necessary to accountants, tax preparers and immediate family who shall be bound by this Confidentiality provision. It is understood and agreed that this Confidentiality provision is a material term of this Agreement.

5. **Non-Disparagement**. The Parties agree not to disparage one another and upon any inquiries, to inform the inquirers that the Litigation and all disputes by and among the Parties have been settled and compromised to the mutual satisfaction of the Parties. It is further understood and agreed that the Parties shall not communicate with each other, directly or indirectly, by telephone, e-mail or otherwise.

6. **Miscellaneous.**

   a. All Parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party.

   b. Other than as provided for herein, each Party shall bear his or its own costs, expenses and attorneys' fees in connection with the Litigation and this Agreement.

3

c. Each Party hereto acknowledges that he or it has been represented by and consulted with his or its attorneys in connection herewith and that he or it has read, understands and intends to be bound by this Agreement and all terms and conditions contained herein.

d. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective affiliates, successors, heirs and assigns.

e. Each person executing this Agreement on behalf of Ye and Lin, Inc. represents and warrants that he has received all necessary power and authority to do so.

f. The validity, construction, interpretation, effect and enforceability of this Agreement shall be governed by the laws of the State of Illinois without regard to conflicts of law principles.

g. This Agreement contains the entire agreement of the Parties hereto with regard to the subject matter hereof and supersedes and cancels any prior agreement entered into by, between or among the Parties.

h. This Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of the other Parties and all of which taken together shall constitute one and the same Agreement.

i. This Agreement shall not be amended, modified or changed except by a writing signed by all Parties.

j. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of this Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date indicated below:

Agreed:

Ye and Lin, Inc.

By: _____

Its: _____

Dated: 02/16, 2021

Desheng Ye

By: _____

Dated: 02/16/21, 2021

4

Delfino Zarate Munoz

By: *Delfino Zarate. Muños*

Dated: *02-17-21*, 2021

## TRANSLATOR CERTIFICATE

I, Axel Estrada, hereby certify that I translated the attached Settlement Agreement and Release from the English language to the Spanish language for Delfino Zarate Munoz.

_____
Axel Estrada

Dated: *February 17*, 2021

5