IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Delfino Zarate Munoz, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 20 CV 50222 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Ye and Lin, Inc. and Desheng Ye, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

The Court finds that the parties' settlement agreement and release represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. Accordingly, the parties' motion for court approval of settlement [45] is granted and this action is dismissed initially without prejudice, with the Court retaining jurisdiction for the limited purpose of enforcing the terms of the settlement agreement, if necessary. Absent a motion brought on or before February 26, 2022 to enforce the settlement agreement or for an extension of time, the dismissal without prejudice shall automatically convert to a dismissal with prejudice. Civil case terminated.

## STATEMENT

On June 17, 2020, Plaintiff Delfino Zarate Munoz filed his complaint against Defendants Ye and Lin, Inc. and Desheng Ye for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. Plaintiff alleges that he worked at Defendants' restaurant as a dishwasher, cleaner, and food preparer. He alleges that Defendants paid him on an improper salary basis, failed to pay an overtime premium when he worked in excess of forty hours per week, and failed to fully compensate him for all hours worked. Defendants deny liability or any violation of the FLSA or IMWL.

Since the filing of the complaint in this case, the parties conducted discovery pursuant to the Court's scheduling order, Dkt 24, and updated the Court on the status of discovery and ongoing

settlement negotiations. On February 17, 2021, the parties filed a joint motion for court approval of their settlement agreement. Dkt. 45.[1]

The Court must determine whether the FLSA settlement "represents a fair and reasonable resolution of a bona fide dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private settlements [of FLSA claims]."). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 CV 10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

The Court has reviewed the parties' settlement agreement and release and the information provided in their motion. The Court finds that there is a bona fide dispute with respect to Plaintiff's claims under the FLSA and IMWL. Plaintiff alleges he was paid on an illegal salary basis, was not paid overtime wages, and was not fully compensated for all hours worked. Defendants dispute the number of hours worked and that overtime was not paid. The Court also finds that the total settlement amount fair and reasonable given the legal dispute between the parties and the inherent risks of litigation. The agreement was the result of discovery and extensive negotiations. The parties are represented by counsel, who have negotiated in good faith at arm's length. The Court also finds that payment to Plaintiff's counsel for attorney fees and costs is reasonable.

Therefore, the Court approves the parties' settlement agreement and release. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). Pursuant to the parties' agreement, Dkt. 45-1, this action is dismissed initially without prejudice, with the Court retaining jurisdiction for the limited purpose of enforcing the terms of the settlement agreement, if necessary. Absent a motion brought on or before February 26, 2022 to enforce the settlement agreement or for an extension of time, the dismissal without prejudice shall automatically convert to a dismissal with prejudice.

Date: February 18, 2021    By: *Lisa A.*
Lisa A. Jensen
United States Magistrate Judge

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 38.